IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CYNTHIA TORRES HARRIS,**

    **Plaintiff,**

vs.                                                                                        **No. CIV 02-1608 RB/RHS**

**CITY OF TRUTH OR CONSEQUENCES,
SIERRA COUNTY REGIONAL DISPATCH
AUTHORITY, and DIXIE FISHER,
individually and in her official capacity,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion for Summary Judgment (Doc. 59), filed on October 29, 2004, and Defendants' Motion to Strike All References to Plaintiff's "Notes" (Doc. 61), filed on November 1, 2004. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, I find that the motion to strike should be granted and that the motion for summary judgment should be granted as to Counts X, XI, XII, and XIII, but otherwise denied.

**I. Background.**

In September, 2000, Ms. Torres Harris filed a charge of national origin discrimination against the City of Truth or Consequences (hereinafter "City") based on a denial of promotion to Director of the Sierra County Regional Dispatch Authority (hereinafter "SCRDA"). Ms. Torres Harris charged that Dixie Fischer, an Anglo or non-Hispanic, was less qualified than Ms. Torres Harris for the position, yet Ms. Fischer received the promotion. On November 15, 2000, Ms. Torres Harris filed an identical charge of national origin discrimination against the SCRDA. Ms. Torres Harris

received her right to sue letter on her charges of discrimination on February 20, 2001.

Ms. Fisher, as SCRDA Director, was Ms. Torres Harris' supervisor. Ms. Fisher learned of Ms. Torres Harris' charges of discrimination in December 2000 and February 2001. After learning of Ms. Torres Harris' protected activities (e.g., the charges of discrimination), Ms. Fisher allegedly took retaliatory action against Ms. Torres Harris. The alleged retaliatory actions consisted of demotion from Assistant 911 Director to 911 Coordinator, denial of pay increase, issuance of a written warning, change of scheduled work hours, assignment of split days off, removal of job duties, elimination of the position of 911 Coordinator, and creation of a hostile work environment.

On August 10, 2001, Ms. Torres Harris filed a discrimination charge against the SCRDA based on retaliation. On April 22, 2002, the EEOC issued a Determination in favor of Ms. Torres Harris on the August 10, 2001 retaliation charge. On July 22, 2002, the EEOC issued an Amended Determination in favor of Ms. Torres Harris on the August 10, 2001 charge of retaliation, and an Amended Determination in favor of Ms. Torres Harris on her national origin discrimination charges filed on October 29, 2000 and November 15, 2000.

On December 23, 2002, Ms. Torres Harris filed her Complaint alleging retaliation in violation of Title VII. In her First Amended Complaint, filed on January 26, 2004, Ms. Torres Harris alleges (1) discriminatory non-selection for the director position; (2) retaliatory demotion from Assistant 911 Director to 911 Coordinator; (3) retaliatory denial of pay increase; (4) retaliatory issuance of a written warning; (5) retaliatory change of scheduled work hours; (6) retaliatory assignment of split days off; (7) and (8) retaliatory removal of job duties (although alleged as separate counts, the allegations are the same); (9) retaliatory elimination of the position of 911 Coordinator; (10) retaliatory creation of a hostile work environment; (11) violation of 42 U.S.C. § 1981; (12) violation

of 42 U.S.C. § 1983; and (13) punitive damages.

Defendants moved for summary judgment on the grounds that Ms. Torres Harris is unable to establish a prima facie case of race discrimination or retaliation, she is unable to establish a hostile work environment, the §§ 1981 and 1983 claims are precluded, and that she is not entitled to punitive damages. Ms. Torres Harris filed her response on February 9, 2005, almost three months late. Defendants ask this Court to disregard the response as untimely. Counsel for Plaintiff is warned that future violations of the rules will not be tolerated. However, in the interests of justice, the Court will consider the response.

**II. Motion to Strike.**

Defendants move to exclude all references to Ms. Torres Harris' notes that purportedly document matters alleged in her complaint such as events occurring at work, events that form the basis of her claims, the dates of medical conditions, alleged injuries and illnesses, visits to practitioners, and other events pertaining to her claims. Ms. Torres Harris has not responded to this motion.

Ms. Torres Harris testified in her deposition that she had kept such notes. Defendants state that Ms. Torres Harris failed to disclose the notes in her initial disclosures or to produce them as requested. Ms. Torres Harris has failed to specifically object to production of the notes or to respond to the motion. She does not rely on the notes in response to the motion for summary judgment.

A party that, without substantial justification, fails to disclose information required by Rule 26( a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any . . . information not so disclosed. FED. R. CIV. P. 37(c)(1). Ms. Torres Harris has failed to offer

3

substantial justification for failure to disclose the notes. Therefore, the motion to strike should be granted.

**III. Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**IV. Discussion.**

    **A.    Whether summary judgment should be granted on the discrimination claim.**

Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on the basis of race or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). A plaintiff alleging discrimination in violation of Title VII may prove intentional discrimination through direct evidence, or through indirect evidence using the analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973). Because there is rarely direct evidence of discrimination or retaliation, a plaintiff must often rely on indirect evidence. *Ingels v. Thiokol Corp.*, 42 F.3d 616, 620-621 (10th Cir. 1994). In this case, Ms. Torres Harris relies on indirect evidence of discrimination.

A plaintiff relying on indirect evidence has the initial burden of establishing a prima facie case of discrimination or retaliation by a preponderance of the evidence. *McDonnell Douglas*, 411 U.S. at 802-804. If the plaintiff establishes a prima facie case, then the defendant must "articulate some legitimate, nondiscriminatory reason" for the challenged personnel action. *Id.* The plaintiff then bears the ultimate burden of demonstrating that the defendant's stated reason is, in fact, a pretext for unlawful discrimination. *Id*. at 804.

The Supreme Court has emphasized that *McDonnell Douglas* was not intended to set "an inflexible rule." *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 575 (1978). The ultimate question is whether the plaintiff has shown "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under the Act." *Furnco*, 438 U.S. at 576.

Ms. Torres Harris alleges that she was not selected for the director position on the basis of

her race or national origin.  A plaintiff with a failure-to-promote claim is first required to establish a prima facie case, showing that: (1) she was a member of a protected class; (2) she applied for and was qualified for the position; (3) despite being qualified she was rejected; and (4) after she was rejected, the position was filled or remained available.  *Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000).  Defendants argue that Ms. Torres Harris is unable to establish that she was qualified for the position because she did not have experience in preparing a budget.

Defendants have submitted affidavits that budget experience was a criteria for the position, that Ms. Fisher had budget experience, and that Ms. Torres Harris did not have budget experience.  Ms. Torres Harris attacks the admissibility of Defendants' submissions and argues that budget experience was not an objective criteria for the Director position.  Regardless of whether budget experience was indeed a prerequisite for the job, this factor cannot be used to defeat Ms. Torres Harris' prima facie case as a matter of law.

Defendants rely on the lack of budget experience as their proffered legitimate, non-discriminatory reason for selecting Ms. Fisher over Ms. Torres Harris.  When an employee's failure to meet objective, employer-imposed criteria is one of the legitimate, non-discriminatory reasons advanced by an employer to dispel the inference of discrimination raised by an employee at the prima facie stage, it cannot also be used to defeat the employee's prima facie case.  *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1193 (10th Cir. 2000).  At the prima facie stage of the *McDonnell Douglas* analysis, a plaintiff is only required to raise an inference of discrimination, not dispel the non-discriminatory reasons subsequently proffered by the defendant.  *Id.*

The job advertisement for the position lists the following minimum qualifications for the director position: "(1) Certified by NM Dept of Public Safety- Dispatch course (within 6 months of

appointment); (2) Valid NM Driver's License; (3) U.S. Citizen; (5) Successfully pass a Background Investigation/be able to enter and participate in the Dispatcher certification courses; (5) No felony convictions or convictions for moral turpitude; (6) Excellent verbal skills to communicate in person, on telephone and various radios; and (7) Successfully pass pre-employment drug screening and pre-employment physical." (Def. Ex. 8.) The job advertisement does not mention budget experience as a job requirement. (*Id.*) The fact that Ms. Torres Harris held the position of Interim Dispatch Director indicates that she met the minimum job qualifications. *See MacDonald v. E. Wyo. Mental Health Ctr.*, 941 F.2d 1115, 1121 (10th Cir. 1991) The other elements of the prima facie case are undisputed. Under these circumstances, Ms. Torres Harris has set out a prima facie case of discrimination.

If the plaintiff carries her burden of establishing a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment action. *Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 2003). Defendants state that they selected Ms. Fisher instead of Ms. Torres Harris because Ms. Fisher had budget experience.

Ms. Torres Harris argues that Defendants failed to meet their burden because Ms. Fisher was not a certified dispatcher when she was hired. At step two, the defendant need only advance a facially nondiscriminatory reason for its action against the plaintiff. *E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1317 (10th Cir. 1992). Defendants submitted evidence that Ms.Fisher received her dispatch certification on February 22, 2001,which was less than six months after September 15, 2000, the effective date of her hire. (Def. Ex. B.) Defendants have satisfied their burden because the criteria permitted the successful applicant to obtain certification within six months of appointment.

After the defendant satisfies its production burden, the burden shifts back to the plaintiff to

7

proffer evidence that the employer's reason was pretextual. *McDonnell Douglas*, 411 U.S. at 804. "A plaintiff can show pretext by revealing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action such that a reasonable fact finder could rationally find them unworthy of credence." *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1217 (10th Cir. 2002). A showing that the employer's justifications for its behavior are pretextual permits a finding of intentional discrimination, but does not compel it. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47 (2000). Defendants argue that Ms. Torres Harris is unable to demonstrate pretext.

Ms. Torres Harris was a certified dispatcher, but Ms. Fisher was not certified at the time she was selected. Pretext can be inferred where the facts show that the plaintiff was better qualified than the successful applicant for the position and the criteria is entirely subjective. *Jones v. Barnhart*, 349 F.3d 1260, 1267-68 (10th Cir. 2003). From the evidence, considered in the aggregate and construed in the light most favorable to Ms. Torres Harris, a reasonable jury could conclude that Defendants' proffered explanation for selecting Ms. Fisher is pretextual. Ms. Torres has produced sufficient evidence to preclude summary judgment on her discrimination claim.

**B.     Whether Ms. Torres Harris has established a prima facie case of retaliation.**

In order to establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in protected opposition to discrimination; (2) defendant took an adverse employment action against her; and (3) a causal connection between the protected activity and the adverse action. *Jeffries v. Kansas*, 147 F.3d 1220, 1231 (10th Cir. 1998). Defendants argue that Ms. Torres Harris is unable to establish an adverse employment action or the causation elements of the prima facie case.

The Tenth Circuit liberally construes the term "adverse employment action" and takes a

8

case-by-case approach, examining the "unique factors relevant to the situation at hand." *Hillig v. Rumsfeld*, 381 F.3d 1028, 1033 (10th Cir. 2004). Nevertheless, "a mere inconvenience or an alteration of job responsibilities" does not rise to the level of an adverse employment action. *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 533 (10th Cir. 1998). In order to qualify as adverse, the action must adversely affect the employee's status as an employee, *id*, 164 F.3d at 533, such as "firing, failure to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Aquilino v. Univ. of Kansas*, 268 F.3d 930, 934 (10th Cir. 2001).

The threshold for showing an adverse employment action is not high. As an example, in *Connor v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997), negative evaluations were sufficient to satisfy the second element of the prima facie case. *Id*. at 1395. In *Sauers v. Salt Lake County*, 1 F.3d 1122, 1128 (10th Cir. 1993), reassignment to a different office over plaintiff's objections was sufficient to establish an adverse employment action. Ms. Torres Harris points out that she was demoted from Assistant 911 Director to 911 Coordinator, denied a pay increase, issued a written warning, her schedule was changed, job duties were removed, and her position was eliminated. Defendants offer reasons for each of these actions. However, a defendant cannot defeat a plaintiff's prima facie case by articulating the reasons for the adverse employment action because the plaintiff, in such a situation, would be denied the opportunity to show that the reasons advanced by the defendant were pretextual. *Horizon/CMS Healthcare Corp.*, 220 F.3d at 1193. Ms. Torres Harris satisfied the adverse employment action component of her prima facie case.

Defendants argue that Ms. Torres Harris has failed to establish a causal connection between the protected activity and the adverse actions. A plaintiff may establish a causal connection by proffering "evidence of circumstances that justify an inference of retaliatory motive, such as protected

9

conduct closely followed by adverse action." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1320 (10th Cir. 1999). Ms. Torres Harris filed her first charge of discrimination October 29, 2000. Ms. Fisher testified that she did not become aware of the protected activity until late February or early March 2001. (Pl. Ex. 3.) The alleged retaliation began in late February 2001. (Pl. Ex. 4.) The close temporal proximity between the protected activity and the adverse employment actions suffice to demonstrate causation for the purpose of establishing a prima facie case. *Annett v. Univ. of Kansas*, 371 F.3d 1233, 1240 (10th Cir. 2004). Ms. Torres Harris has established a prima facie case of retaliation.

### C. Whether Ms. Torres Harris has established a hostile work environment.

Defendants argue that Ms. Torres Harris cannot establish that she was subjected to a hostile work environment. Ms. Torres Harris did not respond to this argument in her response to the motion for summary judgment.

In order to survive summary judgment, "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998). To determine whether an environment is hostile, courts must look at all the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. Boca Raton*, 524 U.S. 775, 787-88 (1998)

Although she did not respond to this argument in her response to the motion for summary judgment, Ms. Torres Harris testified at her deposition that Ms. Fisher would not talk to her, gave

10

her dirty looks, left her "out of the loop," and that another employee called Ms. Harris Torres a "bitch." Isolated comments and rudeness are insufficient to comprise a hostile work environment. *Sandoval v. City of Boulder*, 388 F.3d 1312, 1327 (10th Cir. 2004). Construed in the light moved favorable to Ms. Torres Harris, the behavior of Ms. Fisher and the other employee is insufficient to comprise a hostile work environment as a matter of law. Defendants are entitled to summary judgment on Count X, the hostile work environment claim.

### D. Whether Counts XI and XII are precluded by Title VII.

In Counts XI and XII, Ms. Torres Harris alleges claims under 42 U.S.C. § § 1981 and 1983, respectively. Defendants argue that these claims are precluded by Title VII. Ms. Torres Harris did not respond to this argument in her response to the motion for summary judgment..

Section 1981 and 1983 claims cannot go forward together with a Title VII claim unless the Section 1981 and 1983 claims have a legal basis independent from the Title VII claim. *Heno v. Sprint/United Management Co.*, 208 F.3d 847, 861 (10th Cir. 2000) (Seymour, C.J., concurring); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991). Where a plaintiff has alleged constitutional violations in addition to employment discrimination, courts have found an independent legal basis for Section 1981 and 1983 claims. *See e.g. Notari v. Denver Water Dep't*, 971 F.2d 585, 587 (10th Cir. 1992) (holding §1981(a) claim could proceed because plaintiff had alleged due process and equal protection violations in addition to employment discrimination).

In this case, Ms. Torres Harris alleges only employment discrimination and retaliation. Because Ms. Torres Harris has advanced no independent legal basis to support Section 1981 and 1983 claims, such claims are precluded by Title VII.

### E.      Whether there is evidence to support punitive damages.

Defendants argue that the evidence does not support a claim for punitive damages. Ms. Torres Harris did not respond to this argument in her response to the motion for summary judgment.

Punitive damages are available under Title VII if the plaintiff proves an employer engaged in intentional discrimination "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). "Malice" or "recklessness" exists if a plaintiff proves an employer discriminated "in the face of a perceived risk that its actions [would] violate federal law." *Kolstad v. American Dental Assoc.*, 527 U.S. 526, 536 (1999). Ms. Torres Harris has failed to make such a showing. Moreover, Title VII does not allow for recovery of punitive damages where the defendants are the government, government agency, or political subdivision. 42 U. S. C. § 1981a(b)(1). For these reasons, the motion will be granted with respect to Count XIII, the punitive damage claim.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Strike All References to Plaintiff's "Notes" (Doc. 61), filed on November 1, 2004, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 59), filed on October 29, 2004, is **GRANTED AS TO COUNTS X, XI, XII, AND XIII, BUT OTHERWISE DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**